No. 1840. Ex Parte Verner, November Term, 1885. This case simply decides that the petitioner, having been charged, under the principles declared in *Lay* v. *Lay* (10 *S. C.*, 216), with one-sixth part of the note for slaves described in that case, and the amount of such sixth part having been ascertained and adjudged by a decree of the Circuit Court, from which no appeal was taken, the petitioner could not afterwards have such amount reduced because of a compromise subsequently entered into between the parties to that note. Judgment of court below (Witherspoon, J.) affirmed. Opinion by Mr. Justice Fraser (who sat in Mr. Justice McGowan's seat), March 12, 1886. *D. P. Verner*, for appellant. *W. C. Keith, J. J. Norton*, contra.

No. 1862. Felder v. Walker, November Term, 1885. 1. The code is very properly liberal in allowing amendments, but where no cause of action is stated in a complaint, it is not a case of insufficiency to be corrected by motion before answer; demurrer (as in this case) is the proper remedy.

2. A complaint seeking to subject a wife's land to the payment of a debt due by her husband, upon allegations that this debt was assumed by the wife through her husband acting as her agent (without any direct allegations of agency), and that said husband had promised and agreed that said debt should be secured by a mortgage to be executed by his wife upon her land, does not state facts sufficient to constitute a cause of action.

3. Had the fact of agency and authority on the part of the husband been distinctly averred, the verbal promise to pay the debts of another is not binding.

4. A verbal promise by a married woman to execute a mortgage on her land is not binding upon her so as to authorize the enforcement of the agreement by foreclosing it as an actual mortgage executed by her for good and valuable consideration in respect to her separate estate. Judgment of Circuit Court (Fraser, J.) affirmed. Opinion by Mr. Justice McGowan, March 27, 1886. *J. C. Davant*, for appellant. *Robert Aldrich*, contra.

No. 1866. Coln v. Coln, November Term, 1885. This was an action to remove cloud from title by cancellation of a deed, which plaintiff alleged defendant had received with full knowl-

edge of plaintiff's title, and had put upon record before plaintiff recorded his deed. All the issues of law and fact were referred to a referee, who made his report, stating his conclusions of law and fact separately. He found that plaintiff's deed had never been delivered, and that the complaint should be dismissed. The Circuit decree (Witherspoon, J.) was a simple order confirming this report. On appeal, *held*—

1. Where a decree confirms the separate findings of fact and law by a referee, it is not necessary that the decree should itself make separate findings.

2. Findings of fact by referee and Circuit Judge, confirmed.

3. Delivery is essential to the validity of a deed, and the mere fact of manual delivery, in the absence of intention by that act to pass the title, will not be sufficient. In the absence of evidence to the contrary, intention to deliver may be inferred from mere manual delivery.

4. It is always competent to receive parol testimony as to the delivery of a deed; and when the question is as to the *bona fides* of a deed, such evidence may be received to show that the consideration named in the deed was not in fact paid.

5. In testifying to a date of a debt different from the date appearing in a judgment on such debt, in evidence, the witness does not contradict such record, and is not *incompetent*.

6. An exception couched in general terms cannot be considered. Judgment affirmed. OPINION by MR. JUSTICE McIVER, March 30, 1886. *W. A. Sanders*, for appellant. *J. & J. Hemphill*, contra.

No. 1867. CLARK *v.* SCHIPMAN, November Term, 1885. This was an action for specific performance. *Held*—

1. Findings of fact by master and Circuit Judge, sustained. Where the testimony is conflicting as to the material questions involved, this court rarely, if ever, undertakes to interfere with the conclusions of the court below.

2. The province of this court is simply to determine whether there is any error in *the judgment* appealed from, and not whether *the reasons* given to support such judgment are sound. OPINION by MR. JUSTICE McGOWAN, March 30, 1886. *Simons & Cappelmann*, for appellant. *Jervey & Jervey*, contra.